# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MCCULLOUGH, ) | |
| ) | |
| Plaintiff, ) | Case No. 16-534 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| THE COUNTY OF ALLEGHENY ) | |
| PENNSYLVANIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Kathleen McCullough ("Plaintiff") filed a "Motion to Disqualify Opposing Counsel: Attorney Bernard Schneider and the Lawfirm [*sic*] of Brucker, Schneider & Porter; Attorney Virginia Scott and Andrew Szefi and the Allegheny County Law Department; and Attorneys Frederick Egler, Patrick Emory and the Law Firm of Reed Smith" ("Motion to Disqualify Counsel" or "Motion"). (Plaintiff's Mot. (Doc. 33)). For the reasons stated below, Plaintiff's Motion will be DENIED.

Disqualification of counsel is a harsh measure, generally disfavored by the courts. United States v. Miller, 624 F.2d 1198 (3d Cir. 1980). It is not warranted, absent evidence of severe prejudice. EEOC v. Hora, Inc., 239 F. App'x 728, 731 (3d Cir. 2007). Plaintiff bears the burden of demonstrating that such a serious remedy is appropriate. Wise v. Washington County, 2013 WL 5674460, at *4 (W.D. Pa. Oct. 17, 2013).

Plaintiff alleges that, in connection with a criminal matter against her in the Court of Allegheny County, Attorney Charles Porter – law partner to Defendant Joseph Todd Moses's attorney Bernard Schneider – breached Plaintiff's attorney-client privilege; ethically interfered

1

with Plaintiff's right to due process; engaged in a material misrepresentation to the Court of Common Pleas; and engaged in unethical and illegal acts. (Doc. 33 at 2-3). She further alleges that Mr. Porter, and his firm, should be disqualified because she previously filed an "FBI civil rights complaint" against *inter alia* Charles Porter. (Id. at 6). Although Plaintiff's Motion wanders, omits factual foundation, and is generally difficult to fully decipher, the Court understands at least one of her grievances against Mr. Porter – and his firm – to be that he/his firm represented the Allegheny County District Attorney's Office, which presented a conflict with representation of a criminal defendant in Allegheny County. (See id. at 7). In light of Plaintiff's allegation that Mr. Porter breached her attorney-client privilege, the Court infers that it is her position that she established an attorney-client relationship with Mr. Porter. (See id. at 2, 7). As Plaintiff does not actually cite any legal basis for her Motion, the Court identifies conflict of interest as the only colorable legal basis for disqualification of Brucker, Schneider & Porter ("BSP"). With respect to her remaining grievances against Mr. Porter, the Court cannot discern a connection between them and a basis for disqualification.

An attorney's responsibility to current and former clients is governed by Pennsylvania Rules of Professional Conduct 1.7 – 1.12. Plaintiff does not allege that she is a current client of BSP. The Court infers her contention that she was a former client of Mr. Porter, and BSP. However, her exhibits reflect that, shortly after seeking representation by Mr. Porter, she categorized the interaction as follows: "Late this afternoon, Chuck Porter contacted me. When I started to discuss my cases, Chuck politely interrupted me to inform me that he was Steve Zappala's former partner and that since I had such a conflicted situation. . . he felt he should not advise me of his conflict as well." (Doc. 33 at Ex. 6). Mr. Porter, in a declaration, submits that Ms. McCullough sought his representation in a criminal matter; he informed her of the conflict;

2

she immediately ended the conversation; Plaintiff "did not discuss any of the merits of the criminal matter" with him; and he never represented her. (Def. Moses Resp. (Doc. 39) at Ex. 1). In light of the evidence before the Court, the Court concludes that Ms. McCullough has failed to demonstrate a sufficient basis for disqualification of Mr. Bernard Schneider and/or the law firm BSP, and to the extent that she seeks such relief her Motion will be denied.

Plaintiff further argues for disqualification of attorneys Virginia Scott and Andrew Szefi, and the Allegheny County Law Department, based on the claim that her brother worked for the County over ten years ago. (Doc. 33 at 8). In no way, shape or form does Plaintiff allege any basis for a finding that a conflict of interest under the Pennsylvania Rules of Professional Conduct – or any other prejudice for that matter – exists with respect to Attorneys Scott and Szefi, and/or the Allegheny County Law Department. To the extent that she seeks such relief, her Motion will be denied.

Last, Plaintiff seeks disqualification of attorneys Frederick Egler and Patrick Emory, as well as the law firm of Reed Smith. (Doc. 33 at 8-10). To the extent that the Court can decipher her motion, the basis is as follows: between 1969 and 1978, her father was the President and CEO of Chester Engineers, then a wholly owned subsidiary of the Mesta Machine Company. (Id. at 9). Current Reed Smith partner Glenn Mahone, Esq. and former partner Roger Weigand, Esq. represented Chester Engineers in connection with labor law and litigation matters. (Id.). As Plaintiff does not allege that she is a current or former client of Reed Smith – or that Reed Smith ever represented Chester Engineers in connection with any matters related to this action – she has not demonstrated that she suffers any prejudice due to the representation by Reed Smith, via Attorneys Egler and Emory, in the instant case. The Court declines to find that a conflict of

interest exists, and Plaintiff's Motion with respect to Attorneys Egler and Emory and the law firm of Reed Smith will be denied.

For the reasons stated above, Plaintiff's Motion to Disqualify Counsel (Doc. 33) is DENIED.

IT IS SO ORDERED.


July 13, 2016                                                  s\Cathy Bissoon
                                                                                       Cathy Bissoon
                                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

**KATHLEEN MCCULLOUGH**
107 Fairway Landings Drive
Canonsburg, PA 15317