# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN MCCULLOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-534 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THE COUNTY OF ALLEGHENY PENNSYLVANIA, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint (**Doc. 85**), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiff's Motion to File a Second Amended Complaint (**Doc. 85**) will be DENIED.

### A. BACKGROUND

On April 29, 2016, Plaintiff Kathleen McCullough filed a Complaint asserting constitutional and state law claims against an array of politicians, government officials, businesspeople and attorneys alleging a conspiracy to criminally prosecute her and her brother, Charles McCullough, allegedly in retaliation for the political activities of her brother. (Doc. 1). On August 2, 2016, McCullough filed an Amended Complaint adding several new Defendants. (Doc. 43). On October 19, 2016, after the various defendants filed motions to dismiss the Amended Complaint (Docs. 62, 64, 71, 73, & 77), Plaintiff filed a Second Amended Complaint. Plaintiff's Second Amended Complaint was filed without the consent of all parties or leave of

Court, in violation of Federal Rule of Civil Procedure 15(a). (Doc. 82). On October 19, 2016, the Court struck Plaintiff's Second Amended Complaint. (Doc. 83). Almost a month later, on November 14, 2016, Plaintiff filed the instant Nunc Pro Tunc Motion for Leave to File a Second Amended Complaint. (Doc. 85). While the instant motion was pending, on November 21, 2016, Plaintiff filed a Third Amended Complaint. (Doc. 92). Once again, the Court struck Plaintiff's Third Amended Complaint because she filed it without the consent of all the parties or leave of Court. (Doc. 93).

Plaintiff's proposed Second and Third Amended Complaints add a new defendant – Deputy District Attorney Lawrence N. Claus ("DDA Claus") in his individual capacity and in his official capacity as a Supervisor in the District Attorney's Office. In addition, the proposed Second and Third Amended Complaints make new allegations against former Allegheny County District Attorney Detective Joseph Todd Moses. Finally, the proposed Second and Third Amended Complaints contain two new causes of action:

- New Count V asserts a cause of action against Detective Moses and DDA Claus under the Pennsylvania Ethics Act, 65 P.S. §1101, *et seq*. ("Ethics Act"). Specifically, Plaintiff alleges that Detective Moses and DDA Claus violated the Ethics Act because they had undisclosed conflicts of interest with PNC Bank while they were investigating the "Jordan Case." In that case, Plaintiff was charged with, but acquitted of, theft, and conspiring with her brother to use his authority as co-trustee of Shirley Jordan's trust with PNC Bank to direct payments to Plaintiff totaling $4,575.01. Plaintiff alleges that Detective Moses had a conflict of interest during the investigation because he began to work for PNC in January 2012, around the same time he and several employees from PNC Bank testified in the Jordan Case. (Doc. 82 ¶¶ 1, 48c, 124-131). Plaintiff alleges that DDA Claus had a conflict of interest because he had a loan with PNC while prosecuting or supervising the prosecution of the Jordan Case. (Doc. 82 ¶¶ 4, 77 a & b, 124-131). Plaintiff asserts that PNC's offer of employment to Detective Moses and its loans to DDA Claus were "quid pro quos" for not investigating or charging PNC Bank or its employees for their part in approving the payments to Plaintiff in the Jordan Case.

- New Count VI asserts a cause of action against various officers and employees of Allegheny County, including Dan Onorato, Rich Fitzgerald, and Stephen Zappala,

2

as well as the Allegheny County District Attorney's Office, pursuant to the Pennsylvania Right-to-Know Law, 65 P.S. § 67.101, *et seq*. ("RTK Law"). (Doc. 82 ¶¶ 132-141). Plaintiff alleges that Jerry Tyskiewicz, the Allegheny County Open Records Officer, and Kevin McCarthy, the District Attorney's Office RTK Liaison Officer delayed and/or failed to produce DDA Claus's and Detective Moses's financial disclosure statements and compensation information to Plaintiff. (Id.). Plaintiff does not allege that Defendants Onorato, Fitzgerald, or Zappala were personally involved in the alleged violations of the RTK Law. (Id.).

**B. ANALYSIS**

Pursuant to Fed. R. Civ. P. 15(a), a court should grant leave to amend "when justice so requires." However, a district court may deny leave to amend where: "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Schumann v. AstraZeneca Pharmaceuticals LP, 769 F.3d 837, 849 (3rd Cir. 2014).

The Court will deny Plaintiff's Motion for Leave to Amend. First, the Court finds that Plaintiff acted with undue delay in filing her Motion. Notably, Plaintiff directly violated Rule 15(a) by unilaterally filing a Second Amended Complaint – and later a Third Amended Complaint – without leave of court or consent of the parties. Plaintiff's *pro se* status does not excuse her failure to comply with the federal rules. See Pruden v. SCI Camp Hill, 252 F. Appx. 436, 438 (3d Cir. 2007).

In any event, even if Plaintiff had timely filed her Motion for Leave to Amend, the Court would deny the Motion, as her proposed amendments are futile. Plaintiff's new claims against Detective Moses, DDA Claus, Dan Onorato, Rich Fitzgerald, and Stephen Zappala, and the Allegheny County District Attorney's Office are without merit. First, Plaintiff's new Count V fails to state a claim for relief, as the Ethics Act does not create a private cause of action. Connection Training Servs. v. City of Philadelphia, 2009 WL 484201, at *4 (E.D. Pa. Feb. 25, 2009) (citing POEEA Sheers v. Higgins, 120 Pa. Cmwlth. 572, 549 A.2d 614, 616 (Pa. Commw.

3

Ct. 1988)) (explaining that, under current Pennsylvania law, courts have not recognized an implied cause of action under the Ethics Act). Furthermore, Plaintiff's allegations in Count V that Detective Moses's and DDA Claus's alleged conflicts of interest resulted in their failure to investigate and/or charge PNC Bank and its employees is not actionable, as Plaintiff has no right to the investigation or prosecution of another person. Fuchs v. Mercer County, 260 Fed. Appx. 472, 475 (3d Cir. Pa. 2008).[1]

Likewise, Plaintiff's new Count VI fails as a matter of law. As Defendants argue, Plaintiff cannot recover money damages from Defendants in this Court for their alleged delay and/or refusal to provide records under the RTK Law; rather, she must challenge such actions through the procedures outlined in Chapters 11 and 13 of the Law, which she has not done. 65 P.S. §§ 67.1101-67.1310; see Guarrasi v. Scott, 25 A.3d 394, 404–05 (Pa. Commw. Ct. 2011) ("Plaintiff's failure to exhaust his administrative remedies under the RTK Law precludes this Court from taking jurisdiction."). Moreover, Plaintiff's RTK state law claim is not cognizable under section 1983. See Dacenzo v. Crake, 2012 WL 3561021, at *4 (M.D. Pa. Aug. 16, 2012). Even if cognizable, Plaintiff does not plead any facts showing that the individual County Defendants were personally involved in the alleged RTK Law violations, and there is no evidence of a custom, practice or policy within the County of unlawfully delaying or denying records under the Law. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015)

---

[1] The Court also finds that Plaintiff does not allege sufficient facts to plausibly establish that PNC's employment of Detective Moses or loans to DDA Claus were quid pro quo for not investigating or prosecuting PNC or its employees. Indeed, as Defendants argue, Detective Moses began interviewing PNC employees more than four years before he began his employment with PNC in 2012 and he filed charges against Plaintiff almost three years prior, undermining any inference of a quid pro quo. Likewise, the fact that DDA Claus had one or more credit accounts with PNC (among other banks) between 2011 and 2015 does not support an inference that he and PNC's employees conspired to bring charges against Plaintiff in 2009.

(section 1983 defendant must be personally involved in the wrong); <u>Monell v. N.Y. Dept. of Soc. Servs.</u>, 436 U.S. 658 (1978).

## II. ORDER

For the reasons stated above, Plaintiff's Motion to File a Second Amended Complaint (**Doc. 85**) is hereby DENIED.

.

IT IS SO ORDERED.


December 7, 2016                                             s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

KATHLEEN MCCULLOUGH
107 Fairway Landings Drive
Canonsburg, PA 15317